UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RHONDA MARIE FISCHER,<br><br>              Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | CASE NO. 14-cv-05904 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 10, 14, 15).

After considering and reviewing the record, the Court concludes that the ALJ failed to provide any reason for rejecting the opinion from a Disability Determination Service staff physician that plaintiff requires work that includes a "hands on"

demonstration, even though the ALJ gave great weight to this doctor's opinion. Although defendant contends that the error is harmless as the Dictionary of Occupational Titles ("DOT") indicates that one of the jobs that the ALJ identified at step five as a job that plaintiff could perform includes "hands on" demonstration of work requirements, the DOT makes no such indication.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, RHONDA MARIE FISCHER, was born in 1963 and was 38 years old on the alleged date of disability onset of December 31, 2001 (*see* AR. 202, 209). Plaintiff has no relevant work experience (AR. 29).

According to the ALJ, plaintiff has at least the severe impairments of "fibromyalgia, tendonitis of the bilateral knees, major depressive disorder, anxiety disorder, and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c))" (AR. 19).

At the time of the hearing, plaintiff and her young son were living with her parents in their home (AR. 46).

## PROCEDURAL HISTORY

On March 25, 2011, plaintiff protectively filed applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social

Security Act (AR. 202-08, 209-14) Plaintiff's applications were denied initially and following reconsideration (*see* AR. 73-83, 84-94, 97-109, 110-19). Plaintiff's requested hearing was held before Administrative Law Judge Riley J. Atkins ("the ALJ") on May 22, 2013 (*see* AR. 37-70). On May 30, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-36).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Did the ALJ err in failing to include in his residual functional capacity finding, all of the limitations assessed by Steven Haney, M.D.; (2) Did the ALJ err in rejecting the opinion of treating rheumatologist, James Nakashima, M.D.; (3) Did the ALJ err in rejecting the opinion of Robert Schneider, Ph.D.; (4) Did the ALJ err in rejecting the opinion of Erum Khaleeq, M.D.; (5) Did the ALJ err in rejecting the plaintiff's testimony; and (6) Did the ALJ err in finding that plaintiff is able to perform work that exists in significant numbers in the national economy (*see* Dkt. 10, pp. 1-2). Because this Court reverses and remands the case based on issue 1, the Court need not further review all issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Did the ALJ err in failing to include in his residual functional capacity finding, all of the limitations assessed by Steven Haney, M.D.?**

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment ("RFC") by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356)) (footnote omitted). This ruling is not plainly erroneous or inconsistent with the Social Security Act.

In addition, the Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012)) (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a

claimant's position, such as an opinion from a physician, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162.

In this matter, Disability Determination Service staff physician Dr. Stephen Haney M.D. completed a mental RFC determination regarding plaintiff (*see* AR. 105-07). Among other opinions, Dr. Haney opined that plaintiff could accomplish simple tasks, but that she "[n]eeds a hands-on demonstration" (*see* AR. 106). The ALJ dedicated three paragraphs of his written decision to the assessment from Dr. Haney (*see* AR. 26-27). However, the ALJ failed to note this particular opinion from Dr. Haney and did not provide any reason to discount it (*see* AR. 27).

The ALJ noted that "Dr. Haney summarized the medical and non-medical evidence used to form his opinion, including multiple consultative examinations [], the claimant's self-described activities of daily living, and treatment records" (*id.*). The ALJ found that the "longitudinal record strongly supports Dr. Haney's assessment" (*id.*). The ALJ also gave the opinion from Dr. Haney "great weight" and indicated that the RFC finding in his written decision incorporated the assessment from Dr. Haney (*see id.*). However, the RFC finding in the ALJ's written decision does not include the opinion from Dr. Haney that plaintiff required a hands-on demonstration (*see* AR. 21). As an ALJ "must explain" why an opinion from a medical source is not adopted into an RFC, this

1  failure by the ALJ to explain why this opinion from Dr. Haney was not included into the
2  RFC is error. *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20.
3        The Ninth Circuit has "recognized that harmless error principles apply in the
4  Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)
5  (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th
6  Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the
7  record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court
8  also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error
9  is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*
10 (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))
11 (other citations omitted). Courts must review cases "'without regard to errors' that do not
12 affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556
13 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error
14 rule)).
15       Here, defendant contends that the error is harmless because the ALJ found that
16 plaintiff could perform the job of mailroom clerk/mail sorter and the Dictionary of
17 Occupational Titles indicates that this job involves the type of tasks that necessarily are
18 learned through a hands-on demonstration (*see* Dkt. 14, pp. 8-9 (*citing* U.S. Department
19 of Labor, Dictionary of Occupational Titles 209.687-026, available at 1991 WL
20 671813)). According to the Dictionary of Occupational Titles ("DOT"), this job involves
21 the following:

> Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine. Stamps date and time of receipt on incoming mail. Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments. Readdresses undeliverable mail bearing incomplete or incorrect address. Examines outgoing mail for appearance and seals envelopes by hand or machine. Stamps outgoing mail by hand or with postage meter. May fold letters or circulars and insert in envelopes.

U.S. Department of Labor, Dictionary of Occupational Titles 209.687-026, available at 1991 WL 671813.

The DOT does not indicate that this job entails a hands-on demonstration and nothing in the job requirements implicitly indicates that this job includes functions that necessarily only can be learned through a hands-on demonstration. *See id.* Therefore, the Court is not persuaded by defendant's argument that the ALJ's error is harmless.

### (2) **Whether this matter should be reversed and remanded for an award of benefits or for further administrative proceedings.**

Plaintiff contends that this matter should be reversed and remanded with a direction to award benefits (*see* Dkt. 10, p. 18). Defendant contends that such resolution of this matter would be inappropriate (*see* Dkt. 14, pp. 17-18).

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). When making the determination of whether to reverse and remand for further proceedings or for an award of benefits, the Court examines whether or not further proceedings would serve a useful purpose, such as resolution of outstanding issues that remain to be resolved. *See Treichler v. Comm'r of*

*Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted). Here, the outstanding issue is whether or not a vocational expert ("VE") may still find an ability to perform other jobs existing in significant numbers in the national economy despite the added limitation of a need for a hands-on demonstration. Therefore, remand for further consideration is warranted in this matter.

The Court also notes that the RFC includes a limitation that was not included in the hypothetical presented to the VE. The ALJ included in the RFC finding that plaintiff is limited to work "that involves no contact with the public" (*see* AR. 21). However, the hypothetical presented to the vocational expert contained no such limitation, and allowed for occasional contact with the public (*see* AR. 64). This error, too, should be corrected following remand of this matter.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 17th day of June, 2015.

J. Richard Creatura
United States Magistrate Judge